Edward E. Shapiro (# 3236182)
GLENN AGRE BERGMAN & FUENTES LLP
44 Montgomery Street, Suite 2410
San Francisco, California 94104
Telephone: 332.233.5784
eshapiro@glennagre.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ANDERSON, an individual, | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| TROPIC TECHNOLOGIES, INC., and DOES 1 through 50, inclusive, | |
| Defendants. | |

Tropic Technologies, Inc. ("Tropic") hereby removes this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Tropic states:

## I.     INTRODUCTION AND GROUNDS FOR REMOVAL.

1. On January 26, 2023, Stephen Anderson commenced this action by filing his Complaint in the Superior Court of the State of California for the County of San Francisco. *See generally* Ex. 1, Complaint.

2. The Complaint puts forward a number of causes of action based on Anderson's employment with Tropic and the termination of that employment.

3. Tropic is entitled to remove this state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Tropic has satisfied the procedural requirements for removal and this Court has subject-matter jurisdiction over this case as further explained below.

## II.     TROPIC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

### A. Removal is Timely.

4. On or about February 10, 2022, Tropic's registered agent was served with the Summons and Complaint. *See generally* Ex. 2, Summons.

5. Because this Notice of Removal is being filed within 30 days of the receipt of service of the Summons and Complaint on any named defendant, removal is timely under 28 U.S.C. § 1446(b).

6. This Notice of Removal is also filed within one year of commencement of this action as required by 28 U.S.C. § 1446(c)(1).

### B. Venue is Proper.

7. Removal to this Court is proper because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 108.

### C. All Defendants Consent to Removal.

8. Tropic is the only named defendant. Any unnamed Doe defendants are disregarded and need not join in removal. *See United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("nominal, unknown or fraudulently joined parties" need not join in the petition for removal); *Hafiz v. Greenpoint Mortgage Funding Inc.*, 652 F.Supp.2d 1050, 1052 (N.D. Cal. 2009) (same).

### D. All Other Procedural Requirements Are Satisfied.

9. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached as Exhibit 1. A copy of the Summons served on Tropic in the state court action is attached as Exhibit 2. A copy of the Superior Court's docket as of February 22, 2023 is attached as Exhibit 3.

10. The other pleadings served on Tropic or filed in state court prior to removal are as follows:

    a. A Civil Case Cover Sheet, filed January 26, 2023 (attached as Exhibit 4); and

    b. A Notice to Plaintiff, filed January 26, 2023 (attached as Exhibit 5).

11. Tropic has not filed any responsive pleading to the Summons and Complaint, nor has it received any other pleadings or court orders from Plaintiff or the unnamed "DOE" defendants. No further proceedings have been had in this action in state court prior to removal.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Clerk of the San Francisco County Superior Court.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C § 1332.

13. Removal is proper under 28 U.S.C. § 1332 because the Court has original jurisdiction, on information and belief, due to the parties' diversity of citizenship.

14. Anderson resides in Colorado.

15. Tropic is a Delaware corporation with a principal place of business in New York.

16. Further, as required by 28 U.S.C. § 1332(a), the matter in controversy exceeds the sum or value of $75,000, as the Complaint seeks to recover damages including, but not limited to, "earned bonuses totaling over $60,000," Anderson's "final paycheck," and "56,000 shares of Defendant's Common Stock" which, based on Plaintiff's own statements, are worth at least $50,000. Compl. ¶¶ 2-4.

### CONCLUSION

17. This Court has original jurisdiction over this Action under 28 U.S.C. § 1332 and this Action is removable under 28 U.S.C. §§ 1441 and 1446. For the foregoing reasons, this action has been properly removed and, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court for the Northern District of California, together with the filing of a copy of the Notice of Removal with the Clerk of the San Francisco County Superior Court effects the removal of this action, and the Superior Court of California may proceed no further unless and until the action is remanded.

| | |
|---|---|
| Dated: February 23, 2023 | GLENN AGRE BERGMAN & FUENTES LLP |
| | By: _____*/s/ Edward E. Shapiro*_____ |
| | Edward E. Shapiro |
| | *Attorneys for Defendant Tropic Technologies, Inc.* |