Edward E. Shapiro (# 3236182)
GLENN AGRE BERGMAN & FUENTES LLP
44 Montgomery Street, Suite 2410
San Francisco, California 94104
Telephone: 332.233.5784
eshapiro@glennagre.com

*Attorneys for Defendant Tropic Technologies, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ANDERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TROPIC TECHNOLOGIES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  3:23-cv-00806-SK<br><br>**ANSWER TO COMPLAINT** |

Tropic Technologies, Inc. ("Tropic" or "Defendant") hereby answers the complaint of Stephen Anderson ("Plaintiff") as follows:

1.      Admitted that Plaintiff brought this action alleging breach of contract; breach of covenant of good faith and fair dealing; waiting time penalties; unlawful wage deduction; and conversion against Tropic but denied that Plaintiff is entitled to any relief related to those claims.

2.      Admitted that Plaintiff was employed by Defendant as the Director of Strategic Sourcing beginning on October 5, 2020, but denied that Plaintiff's termination occurred on July 8, 2022. Further, to the extent Plaintiff refers to Exhibit A to the Complaint, Tropic respectfully refers the Court to that document and denies the allegations in Paragraph 2 to the extent inconsistent with that document.

3.      Denied.

4.      Denied as to the first, fourth, and fifth sentences of paragraph 4. As to the remaining allegations, Tropic respectfully refers the Court to the documents referenced in paragraph 4 and denies the allegations to the extent they are inconsistent with those documents.

5.      Denied. Paragraph 5 asserts legal conclusions for which a response is not required.

6.      Denied. Paragraph 6 asserts legal conclusions for which a response is not required.

7.      Denied. Paragraph 7 asserts legal conclusions for which a response is not required.

8.      Admitted that Plaintiff is an individual residing in the State of Colorado. Tropic lacks sufficient knowledge or information to respond to the remaining allegations of paragraph 8.

9.      Admitted.

10.     Admitted that Plaintiff was employed by Defendant as the Director of Strategic Sourcing beginning on October 5, 2020, but denied that Plaintiff's termination occurred on July 8, 2022.

11.     Tropic denies the allegations in the first sentence of paragraph 11 to the extent they are inconsistent with the documents referred to. The remaining allegations of paragraph 11 are legal conclusions for which a response is not required.

12.     Tropic denies the allegations in the first sentence of paragraph 12 to the extent they are inconsistent with the documents referred to. Tropic denies the remaining allegations of paragraph 12.

13.     Denied.

14.     Tropic denies the allegations contained in the first and fourth sentences of paragraph 14. As to the remaining allegations, Tropic respectfully refers the Court to the documents referenced in paragraph 14 and denies the allegations to the extent they are inconsistent with those documents.

15.     Denied.

## **FIRST CAUSE OF ACTION**

16.     Tropic repeats and realleges each and every response set forth above, as if fully set forth herein.

17.     Admitted.

18.     Denied.

19.     Admitted.

20.     Denied. Paragraph 20 asserts legal conclusions for which a response is not required.

21.     Denied. Paragraph 21 asserts legal conclusions for which a response is not required.

## SECOND CAUSE OF ACTION

22.     Tropic repeats and realleges each and every response set forth above, as if fully set forth herein.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

## THIRD CAUSE OF ACTION

27.     Tropic repeats and realleges each and every response set forth above, as if fully set forth herein.

28.     Denied.

29.     Denied. Paragraph 29 asserts legal conclusions for which a response is not required.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

## FOURTH CAUSE OF ACTION

34.     Tropic repeats and realleges each and every response set forth above, as if fully set forth herein.

35.     Denied. Paragraph 35 asserts legal conclusions for which a response is not required.

36.     Denied.

3

37.     Denied. Paragraph 37 asserts legal conclusions for which a response is not required.

38.     Denied.

**FIFTH CAUSE OF ACTION**

39.     Tropic repeats and realleges each and every response set forth above, as if fully set forth herein.

40.     Denied. Paragraph 40 asserts legal conclusions for which a response is not required.

41.     Denied. Paragraph 41 asserts legal conclusions for which a response is not required.

42.     Denied.

43.     Denied.

**SIXTH CAUSE OF ACTION**

44.     Tropic repeats and realleges each and every response set forth above, as if fully set forth herein.

45.     Denied to the extent the allegations are inconsistent with the documents referred to.

46.     Denied to the extent the allegations are inconsistent with the documents referred to.

47.     Denied. Paragraph 47 asserts legal conclusions for which a response is not required.

48.     Denied.

49.     Denied.

**SEVENTH CAUSE OF ACTION**

50.     Tropic repeats and realleges each and every response set forth above, as if fully set forth herein.

51.     Denied to the extent the allegations are inconsistent with the documents referred to.

4

52.     Denied to the extent the allegations are inconsistent with the documents referred to.

53.     Denied.

54.     Denied.

55.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

As to the unnumbered paragraphs after paragraph 55, Tropic denies that Plaintiff is entitled to any such relief.

## AFFIRMATIVE DEFENSES

By providing the following non-exhaustive affirmative defenses to Plaintiff's claims, defendant Tropic does not concede the merit of any of those claims and does not undertake any burden to prove any defense or defenses other than those imposed by law.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are meritless and fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as they are unasserted compulsory counterclaims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of claim preclusion.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims must be dismissed because they were brought in the incorrect venue.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims must be dismissed for lack of personal jurisdiction.

Dated:  March 2, 2023                    GLENN AGRE BERGMAN & FUENTES LLP

                                        By:  _/s/ Edward E. Shapiro_____
                                             Edward E. Shapiro
                                             Glenn Agre Bergman & Fuentes LLP
                                             44 Montgomery Street, Suite 2410
                                             San Francisco, California 94104
                                             Telephone: 332.233.5784
                                             eshapiro@glennagre.com

                                        *Attorneys for Defendant Tropic Technologies, Inc.*

6

**ANSWER**